# In the
# United States Court of Appeals
## For the Seventh Circuit

Nos. 07-3874 & 07-3875

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DERRIK HAGERMAN and WABASH
ENVIRONMENTAL TECHNOLOGIES, LLC,

*Defendants-Appellants.*

Appeals from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:06CR0139—**David F. Hamilton**, *Chief Judge.*

SUBMITTED NOVEMBER 13, 2008—DECIDED DECEMBER 5, 2008

OPINION JANUARY 15, 2009[1]

Before POSNER, ROVNER and EVANS, *Circuit Judges*.

PER CURIAM. A jury convicted Wabash Environmental
Technologies (WET) and its president, Derrik Hagerman,

---

[1] The court has decided to publish its order, in edited form, as
an opinion.

on ten counts of making materially false statements in reports that WET was required to file under the Clean Water Act, 33 U.S.C. § 1319(c)(4). The judge sentenced Hagerman to 60 months in prison (a guideline sentence, well explained by the judge, *United States v. Hagerman*, 525 F. Supp. 2d 1058 (S.D. Ind. 2007)), and, along with WET, was ordered to pay $237,680 in restitution to the EPA for the expense of cleaning up pollution caused by them. WET operated a facility in Terre Haute, Indiana, that treated industrial liquid waste and discharged the treated liquid into the Wabash River. The National Pollutant Discharge Elimination System permit issued by the Indiana Department of Environmental Management limited the type and amount of pollutants that the waste liquid could contain and required WET to make monthly reports—Monthly Monitoring Reports (MMRs) and Discharge Monitoring Reports (DMRs)—disclosing the results of tests of the waste liquid. The permit required that WET use testing procedures approved by the EPA and made Hagerman responsible for completing the reports and certifying that they were "true, accurate and complete."

Hagerman and WET argue that the district court erred in admitting into evidence copies of certain electronic spreadsheets that recorded test results that were not charged in the indictment but were in conflict with what WET had reported. The defendants argue that the test results are evidence of prior bad acts that should have been excluded under Federal Rule of Evidence 404(b). The argument has no merit. When a defendant commits two criminal acts simultaneously but is charged only with

one, "the evidence of the 'other' crime [cannot] be disen-
tangled from the evidence of the charged crime," and
therefore evidence material to prove the charged crime
"may unavoidably reveal" other criminal acts that are
not charged. *United States v. Taylor*, 522 F.3d 731, 734
(7th Cir. 2008). That is the situation here.

Hagerman and WET were charged with mis-
representing results of tests conducted between
January and October 2004. This was the same period
covered by the spreadsheets in question. It would have
been infeasible to separate out this evidence so as to
eliminate any hint that the defendants had also
falsified other test results. *United States v. Bass*, 794 F.2d
1305, 1312 (8th Cir. 1986). What Hagerman knew when
he completed the reports was the central question at
trial. He denied having received reports of test results in
any format other than post-it notes and scraps of paper and
testified that he had never seen the spreadsheets or re-
ceived any test results showing unacceptable levels of
pollution. But the EPA found spreadsheets in his office,
and the spreadsheets that the defendants argue should
have been excluded from evidence were crucial to estab-
lishing that those found in Hagerman's office were in
fact printouts of the spreadsheets created and maintained
to record lab results. In showing that Hagerman possessed
these printouts, the prosecution undercut Hagerman's
defense that he had never seen them.

The defendants argue frivolously that by admitting
evidence of misconduct not charged in the indictment, the
judge allowed the indictment to be "constructively

amended." That amounts to saying that admitting any "other crimes" evidence permitted by Rule 404(b) would result in a constructive amendment. Obviously not. *United States v. Rosario-Diaz*, 202 F.3d 54, 70-71 (1st Cir. 2000); *United States v. Leichtnam*, 948 F.2d 370, 379 (7th Cir. 1991).

The defendants argue that the district judge misstated the law in one of its jury instructions. He instructed the jury that WET's permit required Hagerman to certify that each report he submitted was "true, accurate, and complete" and was prepared under his "direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted." So far, so good, but he further instructed the jury that "[t]he phrase 'properly gather and evaluate the information submitted' means that the information was gathered and evaluated in accordance with the terms and conditions" of WET's permit, including "the requirement that the analytical and sampling methods used conform to the applicable federal regulations." The court drew this language from WET's discharge permit. But the defendants argue that the provision of the Indiana Administrative Code setting out the specific language that holders of discharge permits must use in verifying their reports does not define the phrase "properly gather and evaluate the information submitted." 327 IND. ADMIN. CODE 5-2-22(d). They argue that the judge should have left it up to the jury to determine whether WET had a system in place to ensure that the results were properly gathered and evaluated.

The permit stated that WET had to use either the test methods approved in the EPA regulations, which are

listed in the permit, or "different but equivalent methods" that had been approved by the EPA and the Commissioner of the Indiana Department of Environmental Management. The judge's instruction that the testing methods must "conform to applicable federal regulations" was a correct interpretation of the permit, and the meaning of the permit presented an issue of law that the judge was entitled to determine, rather than leave to the jury. *United States v. Weitzenhoff*, 35 F.3d 1275, 1288 (9th Cir. 1993); *Piney Run Pres. Ass'n v. County Comm'rs of Carroll County, Md.*, 268 F.3d 255, 269 (4th Cir. 2001). The permit states that the testing methods "shall conform to the current version of 40 CFR, Part 136," and both the listed testing methods and the procedure for obtaining approval to use alternative methods are described in the cited Part of the CFR. *See* 40 C.F.R. §§ 136.3 (listing the approved testing procedures), 136.4 (laying out the procedure for gaining approval of an equivalent testing method).

Finally, Hagerman argues that he should not have been given a prison sentence. He says that the damage he caused to the environment could not be quantified, that in his life outside WET he made "considerable" contributions to his community, that his family relies on him for support, and that imprisonment will make paying restitution difficult. The judge considered but rejected these arguments. There was no abuse of discretion.

AFFIRMED.